UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOME SALES, INC., | ) | Civil No. 11cv1197 JAH(WVG) |
| Plaintiff, | ) ) | **ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT AND DENYING DEFENDANTS' MOTION TO PROCEED *IN FORMA PAUPERIS* [DOC. # 2] AS MOOT** |
| v. | ) ) | |
| JAMES GARY HAMILTON, BEVERLY E. HAMILTON and DOES 1 THROUGH 6, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Home Sales, Inc. ("plaintiff") filed the instant unlawful detainer action in the San Diego County Superior Court on May 5, 2011. The complaint only alleges state law claims and states it is a limited civil case with a demand under $10,000.00. Defendants James Gary Hamilton and Beverly E. Hamilton ("defendants"), appearing *pro se*, filed a notice of removal on June 1, 2011. Defendants contend the action is removable based on diversity jurisdiction. *See* Doc. # 1 at 1, 30.[1] Concurrent with the removal, defendants filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Doc. # 2. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is

---

[1] Defendants also appear to contend federal question jurisdiction exists based on allegations of civil rights violations and violations of various other federal statutes presented by defendants in their notice of removal. *See* Doc. # 1 at 1-29. The complaint, however, is devoid of any allegations or contentions regarding violations of any federal statute. *See* Doc. # 1-1. Thus, these additional contentions clearly fail and will not be addressed further.

"frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001)("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(en banc).

The federal court is one of limited jurisdiction. *See* Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Lowdermilk v. United States Bank Ass'n, 479 F.3d 994, 998 (9th Cir. 2007); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). To establish diversity jurisdiction, the defendant must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). The burden is on the party invoking the federal removal statute to demonstrate federal subject matter jurisdiction exists. *See* Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The defendant has the burden of establishing that removal is proper and must support its jurisdictional allegations with competent proof. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990). There is a strong presumption against removal jurisdiction and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980

F.2d at 566 (citing <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979).

This Court's review of the record reviews that this case is not suitable for removal because defendants, the party seeking to invoke federal jurisdiction under 28 U.S.C. § 1441(b), are residents of California. Doc. # 2 at 3 & n.3. Section 1441(b) states that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). This Court notes that defendants acknowledge they are residents of California and, as such, they clearly fail to satisfy minimum removal requirements. Doc. # 2 at 3. In addition, this Court notes that the complaint alleges damages of less than $10,000.00, well below the $75,000.00 minimum amount in controversy requirement to invoke diversity jurisdiction in this case.

This Court finds the removal statute clearly bars defendants who reside in the state where the action is filed to remove a state court action based solely on diversity jurisdiction and the record reflects no support for a finding that the minimum amount in controversy has been met. *See* 28 U.S.C. § 1441(b); <u>Duncan</u>, 76 F.3d at 1485; <u>Gaus</u>, 980 F.2d at 566; <u>Nishimoto</u>, 903 F.2d at 712 n.3. Therefore, this Court finds that *sua sponte* remand is appropriate here. Accordingly, defendants' motion to proceed *in forma pauperis* is DENIED as moot.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant complaint is *sua sponte* **REMANDED** to state court for all further proceedings; and

//
//
//
//

1      2.    Defendants' motion to proceed *in forma pauperis* [doc. # 2] is **DENIED** as moot.

DATED: June 6, 2011

*/s/ John A. Houston*
JOHN A. HOUSTON
United States District Judge